UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS DEMOCRATIC PARTY and GILBERTO HINOJOSA, in his capacity as Chairman of the Texas Democratic Party, | § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | Cause No. 1:17-cv-01186-LY |
| REPUBLICAN PARTY OF TEXAS and JAMES R. DICKEY, in his capacity as Chairman of the Republican Party of Texas and ROLANDO B. PABLOS, in his capacity as Secretary of State for the State of Texas, | § § § § § § § | |
| *Defendant.* | § | |

**PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Texas Democratic Party and Gilberto Hinojosa, in his capacity as Chairman of the Texas Democratic Party, file this Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction complaining of The Republican Party of Texas and James R. Dickey in his capacity as Chairman of the Republican Party of Texas and Defendant Rolando B. Pablos, in his capacity as Secretary of State for the State of Texas, and in support thereof would show the Court as follows:

I.

**FACTUAL ALLEGATIONS**

1. Plaintiffs re-allege and incorporate herein the facts and circumstances stated in the Original Complaint (ECF 1) as though fully stated herein.

2. Plaintiffs support their Complaint and this Application with the Declaration attached hereto.

3. Plaintiffs also support the Complaint and this Application with the records on file in the case: *RPT v. Pablos*, 1:17-cv-01167-SS (W.D. Tex.), of which Plaintiffs request the Court take judicial notice. The pleadings filed by Defendants in their earlier case, establish no issue of fact exists concerning the events giving rise to these Plaintiffs' claims. Furthermore, the Secretary of State in the earlier case fully briefed the federal constitutionality of election calendar at issue.

II.

**EMERGENCY RELIEF**

4. Plaintiffs seek to enjoin Defendants actions and inactions that would allow Blake Farenthold's name to be omitted from the general primary election ballot for the election to be held on March 6, 2008.

III.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

5. Plaintiffs ask this Court to enter a Temporary Restraining Order granting the relief requested herein. Specifically, Plaintiffs ask the Court to grant the

Temporary Restraining Order attached as Exhibit A.  Granting such order preserves the status quo while the Court can consider the matter more fully.

6. It is probable that the Plaintiffs will prevail against the Defendant on the merits and obtain permanent injunctive precluding the violations of law alleged in the Complaint.

7. If the Plaintiffs' Application for Temporary Restraining Order is not granted, irreparable harm is imminent because, on information and belief, Defendants intend to continue their unlawful actions.  Defendants intend to cause Blake Farenthold's name to not be placed on the general primary election ballot and to hold that condition until it is too late to prepare ballots that contain Blake Farenthold's name.

8. The Plaintiffs have no adequate remedy at law because the substantial damages and harm from Defendants' conduct are incalculable and a money judgment could not serve as adequate compensation for the wrong inflicted on the Plaintiffs and the voters of the state.

## A.  Request for Preliminary Injunction

9. Plaintiffs re-allege the foregoing .

10. The Plaintiffs ask the Court to set this request for preliminary injunction for hearing, and after the hearing, enter a preliminary injunction granting the relief requested herein.

## B.  Request for Permanent Injunction

11. Plaintiffs re-allege the foregoing.

12. After full trial on the merits, the Plaintiffs ask the Court to enter a permanent injunction granting the relief requested herein.

## VI.

## BOND

13. Plaintiffs are willing to post a reasonable bond.

## VII.

## PRAYER

14. For the foregoing reasons, the Plaintiffs respectfully request that the Court enter orders against Defendants consistent with the relief requested herein.

Respectfully submitted,

December 20, 2017

TEXAS DEMOCRATIC PARTY and
GILBERTO HINOJOSA, in his capacity as
Chairman of the Texas Democratic Party

By:   */s/ Chad W. Dunn*
Chad W. Dunn
State Bar No. 24036507
General Counsel
TEXAS DEMOCRATIC PARTY
BRAZIL & DUNN
K. Scott Brazil
State Bar No. 02934050
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas  77068
Telephone:  (281) 580-6310
Facsimile:   (281) 580-6362

ATTORNEYS FOR PLAINTIFFS