UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS DEMOCRATIC PARTY and GILBERTO HINOJOSA, in his capacity as Chairman of the Texas Democratic Party,<br><br>*Plaintiffs*,<br><br>vs.<br><br>REPUBLICAN PARTY OF TEXAS and JAMES R. DICKEY, in his capacity as Chairman of the Republican Party of Texas and ROLANDO B. PABLOS, in his capacity as Secretary of State for the State of Texas,<br><br>*Defendant*. | § § § § § § § § § § § § § § § § | Cause No. 1:17-cv-01186-LY |

## DECLARATION OF TOMMY GLEN MAXEY

Pursuant to 28 U.S.C. §1746, I, Tommy Glen Maxey, declare that:

1. My name is Tommy Glen Maxey. I am over the age of eighteen and am competent to make this declaration.

2. I am currently the primary election director for the Texas Democratic Party. I have previously served in that capacity during several election cycles. I previously served in the Texas House of Representatives for six terms where I routinely handled matters pertaining to Texas elections. I consult with members of the Legislature today concerning election laws. I am intimately familiar with the election laws of this state including the laws and regulations governing the election calendar. The facts stated in this declaration are within my person knowledge.

DECLARATION OF TOMMY GLEN MAXEY - Page 1

3. I have reviewed the Complaint on file with this Court in case: *RPT v. Pablos*, 1:17-cv-01167-SS (W.D. Tex.). The Complaint filed by RPT establishes the timetables governing the certification and withdrawal of a candidate for primary party nomination for the upcoming election.

4. I have reviewed the Original Complaint filed by the TDP in this case and the facts it establishes regarding the timing of Mr. Farenthold's application for, certification to and withdrawal from the Republican general primary election ballot are exactly as RPT has admitted them to be in the earlier filed federal case.

5. I have reviewed the Original Complaint filed by TDP in this case as well as the Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction and the facts stated therein are true and correct.

6. TDP and its members have prepared for a campaign involving Mr. Farenthold and the unlawful removal from the ballot will cause TDP economic harm.

7. TDP and its members and county parties have been complying with state law election deadlines concerning candidate name placement on the ballot,

8. TDP is harmed when the other major political party is allowed to operate under different rules.

9. TDP is harmed when state government chooses to look away when RPT violates state law but TDP is nevertheless required to comply.

10. TDP's harms are, in many respects, irreversible absent injunctive relief and monetary judgment is insufficient to cure all of its alleged harms.

11. TDP and its county parties have desired to remove a candidate's name from an upcoming ballot on more times than I recall. On every such occasion that I can recall, TDP was prevented from removing or adding a candidate's name. Only within the last week, on several occasions County Democratic Chairs have inquired if a candidate could withdraw from the ballot. My answer has been unequivocal that the Texas Election Code prohibited a candidate from doing so. Each of those Chairs relied on my answer to advise primary candidates of that fact. Therefore, a number of candidates, unknown to me, have been advised that they could not withdraw. Each of those candidates and their primary challengers have been harmed if we can now ignore the statute and could have removed them.

12. I have had specific inquiries of legal counsel of the Texas Secretary of States office over the past election cycles on this specific question of withdrawal of candidates and the dates that could occur. The Secretary of States' attorneys gave specific direction about the timetable and we have relied upon that guidance and the specific words of the Texas Election Code to prohibit candidates each election cycle, including the current one underway, from withdrawing from the ballot.

13. County Clerks and Election Administrators under contract with local parties have already ordered ballots this week. If a state party may remove candidates after the deadline set by law and the administrative code, there would be no finality for the persons administering elections to know that they can print ballots or program machines. If the Court allows a party to willy-nilly remove persons from the ballot after the deadline, the Court must adopt some scheme for

the primary administrators to know when the ballot is final.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this the 20th day of December, 2017.

_____
Tommy Glen Maxey