```
 1                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF TEXAS
 2                             AUSTIN DIVISION

 3   TEXAS DEMOCRATIC PARTY, GILBERTO HINOJOSA,  ) AU:17-CV-01186-LY
                                                 )
 4      Plaintiffs,                              )
                                                 )
 5   v.                                          ) AUSTIN, TEXAS
                                                 )
 6   REPUBLICAN PARTY OF TEXAS, JAMES R. DICKEY, )
     ROLANDO B. PABLOS,                          )
 7                                               )
        Defendants.                              ) DECEMBER 20, 2017
 8
                 *********************************************
 9                    TRANSCRIPT OF TELEPHONE CONFERENCE
                       BEFORE THE HONORABLE LEE YEAKEL
10               *********************************************

11   APPEARANCES:

12   FOR THE PLAINTIFFS:    CHAD W. DUNN (TELEPHONIC)
                            BRAZIL & DUNN
13                          4201 CYPRESS CREEK PARKWAY, SUITE 530
                            HOUSTON, TEXAS 77068
14
     FOR THE DEFENDANTS:    CHRISTOPHER K. GOBER (TELEPHONIC)
15                          THE GOBER GROUP PLLC
                            PO BOX 341016
16                          AUSTIN, TEXAS 78734

17                          ESTEBAN SAN MIGUEL SOTO (TELEPHONIC)
                            OFFICE OF THE ATTORNEY GENERAL OF TEXAS
18                          300 WEST 15TH STREET
                            AUSTIN, TEXAS 78701
19
     COURT REPORTER:        ARLINDA RODRIGUEZ, CSR
20                          501 WEST 5TH STREET, SUITE 4152
                            AUSTIN, TEXAS 78701
21                          (512) 391-8791

22

23

24   Proceedings recorded by computerized stenography, transcript

25   produce by computer.
```

```
15:24:23   1        (In chambers)
15:24:23   2             THE COURT:  Good afternoon.
15:24:29   3             MR. DUNN:  Good afternoon.
15:24:30   4             MR. SOTO:  Good afternoon, Your Honor.
15:24:30   5             THE COURT:  Thank you-all for being available.  I've
15:24:32   6   got a court reporter here present with me, so let me just, for
15:24:40   7   the parties, announce who you are.  For the Texas Democratic
15:24:42   8   Party?
15:24:42   9             MR. DUNN:  This is Chad Dunn, Your Honor.
15:24:44  10   Good afternoon.
15:24:44  11             THE COURT:  And for the Republican Party of Texas?
15:24:47  12             MR. GOBER:  This is Chris Gober.
15:24:49  13             THE COURT:  And for the Secretary of State?
15:24:52  14             MR. SOTO:  Esteban Soto.
15:24:54  15             THE COURT:  All right.  Well, I have now inherited
15:25:01  16   Cause Number 17-CV-1186, and I will be your judge on it.  I
15:25:07  17   have got in front of me the plaintiff's original complaint, the
15:25:10  18   application for temporary restraining order, the application
15:25:17  19   for preliminary injunction and permanent injunction, and
15:25:17  20   request to schedule an immediate hearing.
15:25:18  21             I agree that there is some urgency with this case,
15:25:30  22   and I'm calling to see if we can get our arms around this and
15:25:33  23   do this in some rational fashion -- that being I could go ahead
15:25:37  24   and rule on the temporary restraining order just on the
15:25:39  25   pleadings in front of me because I don't have any time to set
```

```
15:25:44   1  you for an immediate hearing on the temporary restraining order
15:25:49   2  because I have sentencings all day tomorrow.  And the reason
15:25:53   3  that I now have this case is because Judge Sparks is
15:25:56   4  unavailable, and then we're into Christmas.  My suggestion is
15:26:07   5  that we go directly to a preliminary injunction hearing and
15:26:11   6  that we do it next week.
15:26:14   7           So we'll start -- I'll start with the plaintiff
15:26:20   8  because the plaintiff is making the request.  Mr. Dunn, what is
15:26:23   9  your reaction to that.
15:26:27  10           MR. DUNN:  Your Honor, we appreciate you interrupting
15:26:32  11  what I'm sure is a busy schedule to address this issue in short
15:26:35  12  order.  We of course are available next week for a hearing.
15:26:37  13  The concern that I have that unfortunately at this moment I'm
15:26:41  14  not able to inform the Court on better -- perhaps the Secretary
15:26:44  15  of State's office can -- but my fear is that we hold off on
15:26:48  16  considering any order until next week and then we're faced with
15:26:52  17  the argument or perhaps even the factual circumstance that some
15:26:58  18  county or counties have irrevocably prepared their ballots at
15:27:05  19  that point.  And so that's my primary concern.
15:27:07  20           THE COURT:  Well, that could of course have already
15:27:09  21  happened based on the time line.
15:27:11  22           Mr. Soto, what do you have to add to that, if
15:27:17  23  anything?
15:27:18  24           MR. SOTO:  Yes, Your Honor.  My fear is that ship has
15:27:20  25  already sailed.  So by tomorrow they will have to draw names
```

```
15:27:28   1  for the ballots.  I'm not aware of the status for all the
15:27:33   2  counties in Mr. Farenthold's district, but they may have --
15:27:35   3  they had the option to have already done that.  So some of
15:27:38   4  those counties could have already drawn names for the ballots.
15:27:42   5  So my fear is that process has already started.
15:27:49   6              THE COURT:  All right.  Anything from the Republican
15:27:52   7  Party before I move on, Mr. Gober?
15:27:55   8              MR. GOBER:  I just think that I would agree with the
15:27:58   9  concerns of waiting.  I don't think anybody here wants to be in
15:28:02  10  a situation where we might cause a delay in the primary, but --
15:28:10  11  at least in that district.  But I do -- will say there is some
15:28:12  12  additional complexity because I intend to file a motion to
15:28:15  13  dismiss under the Texas Citizens Participation Act, which is an
15:28:19  14  anti-SLAPP lawsuit.  So I think a lot of those issues are
15:28:24  15  whether the plaintiffs can essentially meet their threshold in
15:28:30  16  the anti-SLAPP lawsuit.  It's going to be a preliminary matter
15:28:34  17  that needs to be dealt with as well before we move on to the
15:28:37  18  merits.
15:28:38  19              THE COURT:  Well, I'm not nearly as concerned about
15:28:40  20  the merits right now as I am examining the emergency relief.
15:28:45  21  And I understand the problem that the ship may already have
15:28:50  22  sailed, but I'm not prepared to grant emergency relief without
15:28:55  23  a developed record and without hearing from the parties.
15:29:01  24              I suspect you don't need much in the way of evidence.
15:29:06  25  You ought to be able to do it by proffer.  This is primarily a
```

statutory matter that we're dealing with. It's a ruling on the law. I don't think extended testimony or, for that matter, any testimony is necessary. You ought to be able to agree on the facts. What are your reactions to that? Again, I'll start with Mr. Dunn.

MR. DUNN: Well, first a reaction and then a bit of a reply to some of the other arguments. The first reaction is that it doesn't seem to me that the facts here are really in dispute. So we agree with the Court on that. It comes down to the -- to the federal legal issues.

But what I would say is that it was just a number of hours ago this day that the withdrawal was supposedly effectuated. So it seems to me that preservation of the status quo could be achieved today as well.

THE COURT: Well, let me ask the Secretary of State this. You know, I'm requested to enter a temporary restraining order that effectively tells all kinds of party officials -- and I have a question as to whether this is anything the Secretary of State has a role in anyway. It appears to me to be party matter.

But I don't know that I'm inclined to do something that affects 254 counties without hearing more than what I get out of some thin pleadings and the argument that we have to preserve the status quo. We have had cases in the past that have not prolonged primaries, but they've been expensive for

```
15:31:06   1  the counties because they've had to reprint ballots.  I mean,
15:31:09   2  it's not a perfect world.
15:31:11   3          I'm not inclined to just fly off the handle and
15:31:14   4  enjoin something unless everybody is in agreement with it, and
15:31:18   5  I presume that neither the Republican Party nor the Secretary
15:31:23   6  of State are in agreement with granting a temporary restraining
15:31:26   7  order.  Am I correct?
15:31:31   8          MR. SOTO:  Yes, Your Honor.  And just to piggyback
15:31:36   9  off that, Your Honor, you're exactly right.  Our response to
15:31:39  10  the first lawsuit is the same response we would have to this
15:31:42  11  one, that the Secretary of State's Office does not have a role
15:31:45  12  in this process.  And we not only do not have a role, we do not
15:31:49  13  have authority under state law to take the actions that they
15:31:55  14  want us to take.  So, essentially, this is a party matter, and
15:31:57  15  the Secretary of State's office argues that we are not a proper
15:32:00  16  party to this.
15:32:07  17          MR. GOBER:  Your Honor, this is Chris Gober.  Going
15:32:09  18  back to your point on issues of law versus fact.  In
15:32:13  19  paragraph 41 of the complaint, the Democratic Party alleges
15:32:18  20  that they prepared for a campaign involving Mr. Farenthold, and
15:32:22  21  unlawful removal of him would cause the Democratic Party
15:32:27  22  economic damages, kind of a crucial piece of their complaint.
15:32:30  23  You know, even if -- even if they had standing -- which we
15:32:33  24  obviously are going to object to that -- but even if they were
15:32:40  25  proved to have standing and they wanted to show harm, it
```

Case 1:17-cv-01186-LY   Document 8   Filed 01/31/18   Page 7 of 10

7

```
15:32:42   1  would -- they're alleging economic damages.  That would allow
15:32:46   2  us to conduct discovery into the Democratic Party's plan, into
15:32:52   3  their proposed campaign activities involving Mr. Farenthold and
15:32:56   4  that ballot, and conduct discovery how that's changed and how
15:32:59   5  they've been harmed so they can prove -- prove those economic
15:33:02   6  damages.
15:33:04   7              THE COURT:  How long do you think it would take to
15:33:06   8  conduct a preliminary injunction hearing in this case?
15:33:16   9              MR. GOBER:  The hearing itself?
15:33:17  10              THE COURT:  Yes.  How much time do you need if I
15:33:23  11  schedule you for a hearing on the request for preliminary
15:33:26  12  injunction?
15:33:26  13              MR. GOBER:  Would we be allowed to I guess conduct
15:33:29  14  some kind of discovery or have witnesses to determine --
15:33:33  15              THE COURT:  Well, there's not going to be any
15:33:35  16  discovery.  And I've already told you I don't think you need
15:33:39  17  witnesses, but I'm not opposed to that.  If I schedule you for
15:33:44  18  a hearing on a request for preliminary injunction, how much
15:33:47  19  time do you need to try that?  And I -- you know, I think if
15:33:54  20  you-all sit down, you can stipulate to facts in this case.  I
15:33:59  21  don't see any disputed facts in this case.  How long do you
15:34:05  22  need to present it to me?
15:34:09  23              MR. DUNN:  Your Honor, from the plaintiff's
15:34:10  24  perspective, it seems to me it would take half a day, if that
15:34:13  25  long.
```

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

```
15:34:13   1              THE COURT:  Why?  How could it take half a day?
15:34:18   2              MR. DUNN:  Well, I mean, that's why I said "if that
15:34:20   3   long."  It seems to me there's an argument on the law, so
15:34:23   4   however --
15:34:24   5              THE COURT:  All right.
15:34:25   6              MR. DUNN:  -- long it takes to do that, which doesn't
15:34:26   7   seem very long.
15:34:28   8              THE COURT:  Mr. Gober?
15:34:29   9              MR. GOBER:  I was thinking two hours at most.  I
15:34:33  10   think it's mostly going to be focused on standing, and then we
15:34:36  11   get to go home.
15:34:37  12              THE COURT:  I think it is, too.
15:34:45  13              All right.  The request for temporary restraining
15:34:47  14   order is denied.  I am scheduling you for a hearing on the
15:34:51  15   request for a preliminary injunction for Tuesday,
15:34:55  16   December the 26th, at 10 o'clock in the morning in my courtroom
15:35:03  17   with the belief that we will get through by noon.
15:35:08  18              I urge you-all to sit down and stipulate to what you
15:35:12  19   can stipulate to and present this so I can get an order out as
15:35:17  20   quickly as possible so whoever is aggrieved may proceed east to
15:35:23  21   New Orleans and ask for additional relief.  And I want to hear
15:35:31  22   during the argument the question of standing here.  I think it
15:35:40  23   is a -- it's thin on why the federal courts should be involved
15:35:48  24   in this, but I'm willing to hear from everybody on it.  So
15:35:54  25   that's what we'll do.
```

15:35:55  1    I realize I have ruined your Christmases, but that's
15:36:02  2  what happens when you're lawyers.  Tell your families I'm
15:36:04  3  sorry.  But if you can make a lot of progress on this tomorrow,
15:36:09  4  you can have a good weekend and then we'll argue it Tuesday.
15:36:12  5  But that's the best I can do for you.
15:36:20  6         Anything else while I have you on the phone?
15:36:28  7     (No response)
15:36:29  8         THE COURT:  All right.  Thank you-all.
15:36:31  9     (End of transcript)

1  **UNITED STATES DISTRICT COURT     )**

2  **WESTERN DISTRICT OF TEXAS        )**

3      I, Arlinda Rodriguez, Official Court Reporter, United

4  States District Court, Western District of Texas, do certify

5  that the foregoing is a correct transcript from the record of

6  proceedings in the above-entitled matter.

7      I certify that the transcript fees and format comply with

8  those prescribed by the Court and Judicial Conference of the

9  United States.

10     WITNESS MY OFFICIAL HAND this the 30th day of

11 January 2018.

12

13                                /S/ Arlinda Rodriguez
                                  Arlinda Rodriguez, Texas CSR 7753
14                                Expiration Date:  12/31/2018
                                  Official Court Reporter
15                                United States District Court
                                  Austin Division
16                                501 West 5th Street, Suite 4152
                                  Austin, Texas 78701
17                                (512) 391-8791

18

19

20

21

22

23

24

25